LAURA E. DUFFY
United States Attorney
ALEXANDRA F. FOSTER
Assistant U.S. Attorney
D.C. Bar No. 470096
Federal Office Building
880 Front Street, Room 6293
San Diego, California  92101-8893
Telephone: (619) 546-6735
Email: Alexandra.Foster@usdoj.gov

Attorneys for Plaintiff
United States of America

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal Case No. 14-CR-00350-AJB |
| | ) |
| | ) Date:  March 21, 2014 |
| | ) Time: 1:30 p.m. |
| Plaintiff, | ) |
| | ) The Honorable Anthony J. Battaglia |
| v. | ) |
| | ) UNITED STATES' OPPOSITION TO |
| ADELMO ISIDRO ROSALES-VELASQUEZ | ) DEFENDANT'S MOTION TO |
| | ) DISMISS INDICTMENT FOR |
| | ) INVALID PRIOR DEPORTATION |
| Defendant. | ) |
| | ) |

The Plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Laura E. Duffy, United States Attorney, and Alexandra F. Foster, Assistant United States Attorney, hereby files its opposition to Defendant's motion to dismiss indictment for invalid prior deportation ("Motion").  The opposition is based upon the files and records of the case, and the attached statement of facts and memorandum of points and authorities.

//

//

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I.
## STATEMENT OF THE CASE

Defendant was arrested on October 16, 2013.  He appeared before Magistrate Judge Lewis on October 29, 2013.  Defendant waived time and indictment, and the United States filed an information on November 12, 2013.  The matter was scheduled to take the United States' Fast Track plea offer before District Court Judge Thompson on December 5, 2013, December 19, 2013 and January 7, 2014.  Instead, Defendant fired his attorney on January 7, 2014.

Defendant first appeared before this Court on February 7, 2014, for a motion hearing/trail setting conference.  At that time, Defendant requested more time to file a 1326(d) motion, and the United States indicated that it would be filing an indictment. This matter was continued to March 21, 2014.  Defendant was arraigned on the indictment on February 19, 2014, and Defendant filed his Motion on March 7, 2014. The United States hereby files its Opposition.

# II.
## STATEMENT OF FACTS

On the evening of October 15, 2013, the Border Patrol's Remote Video Surveillance System ("RVSS) captured three individuals, including the Defendant, crossed the border from Mexico into the United States.  As these individuals continued north, RVSS operators directed Border Patrol officers to them.  Defendant and the two others were apprehended several fields north of the border, South of

Highway 98 and West of Mt. Signal Road.  All three admitted to being illegally present in the United States.1

### III.
### LEGAL ARGUMENT

Defendant argues that his prior deportation was invalid because the Board of Immigration Appeals ("BIA") dismissed his appeal as untimely and thus did not consider the merits of his appeal, "depriv[ing] him of the opportunity [for] meaningful judicial review of his case."  Motion at 5.  Such an assertion is not legally defensible in the 1326 context.

A defendant in a 8 U.S.C. § 1326 prosecution "has a Fifth Amendment right to collaterally attack a removal order because the removal order serves as a predicate element of his conviction."  United States v. Ubaldo–Figueroa, 364 F.3d 1042, 1047 (9th Cir. 2004).  To succeed in a collateral challenge to a removal order, however, a defendant must demonstrate: "(1) that he exhausted all administrative remedies available to him to appeal his removal order, (2) that the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review, and (3) that the entry of the order was fundamentally unfair."  Id.; 8 U.S.C. § 1326(d).

The Defendant cannot satisfy § 1326(d)'s first prong—and thus cannot collaterally attack an underlying deportation order—since he did not validly appeal

---

1  The United States adopts the facts set out in the probable cause statement attached to the complaint (Docket No. 1), in addition to the facts set out in the superseding indictment (Docket No. 36).

that order.  Taniguchi v. Schultz, 303 F.3d 950, 956 (9th Cir. 2002) (holding defendant "failed to exhaust her administrative remedies by not appealing the decision of the IJ to the BIA"); see United States v. Arrieta, 224 F.3d 1076, 1079 (9th Cir. 2000) (holding proper waiver of appeal precludes collateral attack); see also Batyuchenko v. Reno, 56 F. Supp. 2d 1164, 1165 (W.D. Wash. 1999) (finding defendant's failure to appeal deportation order did not exhaust administrative remedies under 8 U.S.C. § 1252 and therefore barred challenge of order).

Defendant here did not validly appeal United States Immigration Judge Kevin G. Bradley's deportation order, [Doc. No. 9, Ex. B], because his appeal was not timely.  He therefore may not collaterally attack that order.  8 C.F.R. § 1003.3 states that an "appeal is not properly filed [with the Board of Immigration Appeals ("BIA")] unless it is received at the Board, along with all required documents . . . within the time specified in the governing sections of this chapter."  The governing sections of that chapter provide that an individual must file an appeal "within 30 calendar days after the stating of an Immigration Judge's oral decision or the mailing of an Immigration Judge's written decision."  8 C.F.R. § 1003.38(b).[2]  Importantly, "[t]he date of filing of the Notice of Appeal shall be the date the Notice is *received* by the Board."  Id. at § 1003.38(c) (emphasis added).[3]

---

2 Chapter 3.1(b)(ii) of the Board of Immigration Appeals Practice Manual  clarifies that time is measured from either the date of the immigration judge's decision or the mailing date, whichever is later.  http://www.justice.gov/eoir/vll/qapracmanual/apptmtn4.htm.

3 According to Chapter 4.5(c) of the Board of Immigration Appeals Practice Manual, "[d]etained persons are subject to the same 30-day appeal deadline. . . . An appeal is not timely filed simply

The Board of Immigration Appeals Practice Manual Chapter 3.1(a)(i), available at http://www.justice.gov/eoir/vll/qapracmanual/apptmtn4.htm, reiterates this rule. That chapter provides that an "appeal or motion is not deemed filed until it is *received* at the Board."  Id. (emphasis in original).  The manual explicitly states that "[t]he Board does not observe the 'mailbox rule.'"  Id.; see also Irigoyen-Briones v. Holder, 644 F.3d 943, 950 (9th Cir. 2011) (discussing that BIA does not use "mailbox rule").

Here, the immigration court issued its decision on January 12, 2004 and mailed it on January 13, 2004.  [Doc. No. 9, Exs. B, C.]  Defendant's appeal was therefore due to the BIA on February 12, 2004.  Instead, the BIA received Defendant's appeal five days later, on February 17, 2004.  [Doc. No. 9, Ex. D.][4]  Consequently, the BIA dismissed Defendant's appeal as untimely, declaring, "The Immigration Judge's decision is accordingly now final."  In re Velasquez, Adelmo Isidro Rosales, A40-480-394 – MIAM, 2004 WL 880321 (BIA Mar. 3, 2004); see also 8 C.F.R. § 1003.39 ("Except when certified to the Board, the decision of the Immigration Judge becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken whichever occurs first.").

Clearly, Defendant did not meet BIA's well-established rules for appealing an immigration judge's deportation order.  His appeal was untimely and thus invalid.

---

because it is deposited in the detention facility's internal mail system or is given to facility staff to mail prior to the deadline."  http://www.justice.gov/eoir/vll/qapracmanual/apptmtn4.htm.

[4]  See Board of Immigration Appeals Practice Manual 3.1(b)(ii) (http://www.justice.gov/eoir/vll/qapracmanual/apptmtn4.htm) ("The Board places a date stamp on all filings received by the Clerk's Office. . . . Absent persuasive evidence to the contrary, the Board's date stamp is controlling in the computation of whether a filing is 'timely.'").

Defendant therefore did not exhaust all administrative remedies as required by 8 U.S.C. § 1326(d) and may not collaterally attack his underlying deportation order in a motion to dismiss indictment for invalid prior deportation.

## VI.
## CONCLUSION

For the foregoing reason, the United States respectfully requests that this Court deny the Defendant's Motion.5

DATED:      March 14, 2014

Respectfully submitted,

LAURA E. DUFFY
United States Attorney

/s/ *Alexandra F. Foster*
ALEXANDRA F. FOSTER
Assistant United States Attorney

---

5  Defendant attached a Motion for Discovery as "Exhibits" in his filing.  The United States understands that such an attachment was made in error, and it need only respond to the motion to dismiss indictment for invalid deportation.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 14-CR-00350-AJB |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| ADELMO ISIDRO | ) | |
| ROSALES-VELASQUEZ | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

IT IS HEREBY CERTIFIED that:

I, Alexandra F. Foster, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893. I am not a party to the above-entitled action. I have caused service of the **United Opposition to Defendant's Motion to Dismiss Indictment for Invalid Prior Deportation** has been served on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Scott Pactor
*Attorney for Defendant Adelmo Isidro Rosales-Velasquez*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 14, 2014.

/s/ *Alexandra F. Foster*
ALEXANDRA F. FOSTER
Assistant United States Attorney