LAURA E. DUFFY
United States Attorney
ALEXANDRA F. FOSTER
Assistant United States Attorney
Washington D.C. Bar No. 470096
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-6735
alexandra.foster@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ADELMO ISIDRO ROSALES-VELASQUEZ, <br><br> Defendant. | Case No.: 14CR00350-AJB <br><br> **United States' Amended Trial Memorandum** <br><br> Date: May 12, 2014 <br> Time: 9:00 a.m. <br><br> Honorable Anthony J. Battaglia |

The Plaintiff, United States of America, by and through its counsel, Laura E. Duffy, United States Attorney, and Alexandra F. Foster, Assistant United States Attorney, hereby files its Trial Memorandum.

## I
## STATEMENT OF THE CASE

A. <u>Indictment</u>

On November 12, 2013, a federal grand jury in the Southern District of California returned a one-count indictment against the defendant, Adelmo Isidro Rosales-Velasquez ("Defendant"). The indictment alleged a violation of 8 U.S.C. § 1326(a) and (b), Removed Alien Found In the United States. On February 14,

1  2014, the grand jury returned a one-count superseding indictment against the
2  Defendant for Attempted Reentry of a Removed Alien in violation of 8 U.S.C. §
3  1326(a) and (b).
4  B.     Trial Status
5       A jury trial is scheduled for May 12, 2014 before the Honorable Anthony
6  J. Battaglia, United States District Judge. The United States expects its case-in-
7  chief to last approximately one day.
8  C.     Defense Counsel
9       Defendant is represented by appointed counsel Scott Pactor.
10 D.     Custody Status
11      Defendant is in custody pending trial.
12 E.     Interpreter
13      The United States will not require the assistance of an interpreter.
14 F.     Jury Waiver
15      Defendant has not filed a jury waiver.
16 G.     Pretrial Motions
17      Defendant filed a motion to dismiss the indictment, which the Court denied
18 on March 21, 2014. A motions in limine hearing will be held on May 8, 2014 at
19 2:00 p.m.
20 H.     Stipulations
21      The parties have reached no stipulations thus far.
22 I.     Discovery
23      The United States has complied with its discovery obligations. The
24 United States has produced approximately 118 pages of discovery, along with
25 dispatch recordings and a video of Defendant's post-arrest interview. The United
26 States also produced portions of Defendant's A File that defense counsel
27 requested upon review of Defendant's A File. To date, Defendant has not
28 provided any reciprocal discovery.

# II

# STATEMENT OF FACTS

A.  <u>Entry and Arrest</u>

On October 15, 2013, Border Patrol Agent ("BPA") Trevor Ambrosini received information from a Remote Video Surveillance Operator that a group of individuals was walking north from the United States/Mexico border  The operator guided the Agent to location where the operator could see the three individuals. Once in the area, the agent found three individuals lying face down in the brush attempting to conceal themselves. The agent approached the three individuals and identified himself. He asked the three individuals their nationality. They responded that they were Mexican citizens. He then asked whether any of them had any documentation to be in the United states legally. All three answered no. The agent arrested all three individuals. One of these three individuals was the Defendant.

B.  <u>Post-Miranda Interview</u>

The Defendant invoked.

C.  <u>Criminal and Immigration History</u>

Defendant's criminal history begins in 1987 and 1988. During those years, he was twice convicted of selling marijuana in violation of PC 11360(A) in California. In 1994, he was convicted of robbery and theft in Florida. In 1997, he was convicted of felony purchasing and misdemeanor possession of cannabis in Florida. In 1998, he was convicted of resisting an officer with violence in Florida. In 2003, he was convicted on multiple counts of felony battery. Finally, Defendant was convicted of 8 U.S.C. 1326 in the Southern District of Texas in 2007.

On January 12, 2004, Defendant was ordered deported by an immigration judge. Defendant was most recently deported on March 21, 2011, after serving 63 months for his 1326 conviction in Texas.

3

14CR00350-AJB

# III
# WITNESSES

The United States expects to call the following witnesses in its case-in-chief, but reserves the right to call fewer or more witnesses, as necessary.

1. Border Patrol Agent Trevor N. Ambrosini
2. Border Patrol Agent Cesar Bermudez
3. Border Patrol Agent Luis Burruel
4. Border Patrol Agent Alberto Vazquez
4. Border Patrol Agent Jason Shroyer (A File Custodian)
5. Immigration Enforcement Agent Frederick Sims (Removal Agent)
6. David Beers (Fingerprints Expert)

# IV
# EXHIBITS

The United States will provide a complete exhibit list prior to trial. The United States requests that defense counsel examine the exhibits before trial and also requests time to examine the defense exhibits before trial to expedite the proceedings. The United States currently intends to offer the following into evidence:

1. Documents Certified from Defendant's A-File, including but not limited to:
   a. Notice and Order of Administrative Removal
   b. Warning to Alien Ordered Removed
   c. Warrant of Removal
   d. Fingerprint Cards from Removals
   e. Fingerprint Cards from Arrests
   f. Fingerprint Card from April 23, 2014
2. Photographs of the arrest location and surrounding area

    3.    Satellite Images of the arrest location and United States/Mexico border

    4.    Hand-drawn map of the area seized from Defendant's backpack

# V
# APPLICABLE LAW

A.   <u>Elements of Charged Crime</u>

1.   8 U.S.C. 1326 - Attempted Entry After Deportation

To prove the crime of Attempted Entry After Deportation, the Government must prove each of the following elements beyond a reasonable doubt:

    a.    The defendant was removed from the United States;

    b.    The defendant had the conscious desire to reenter the United States without consent;

    c.    The defendant was an alien at the time of the defendant's attempted reentry into the United States;

    d.    The defendant had not obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States; and

    e.    The defendant did something that was a substantial step toward committing the crime.

Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must demonstrate that the crime will take place unless interrupted by independent circumstances.

9th Cir. Model Crim. Jury Instructions 9.7 (2010); <u>United States v. Gracidas Ulibarry</u>, 231 F.3d 1188, 1190 (9th Cir.2000) (attempted illegal reentry is a specific intent offense).

The United States will request that the Court present a special verdict form indicating that the Defendant was removed subsequent to February 6, 2007. <u>See</u>

1  United States v. Covian-Sandoval, 462 F.3d 1090 (9th Cir. 2006); see also United
2  States v. Salazar-Gonzalez, 458 F.3d 851, 856 (9th Cir. 2006).

3  B.     Alienage

4      The Ninth Circuit has held that "deportation documents are admissible to
5  prove alienage under the public records exception to the hearsay rule." United
6  States v. Hernandez-Herrera, 273 F.3d 1213, 1218 (9th Cir. 2001) (affirming the
7  admission of deportation documents to prove alienage).  The Ninth Circuit has
8  also made clear the type of deportation documents that may be used as evidence
9  of alienage.

10     Although neither a deportation order, see United States v. Sotelo, 109 F.3d
11 1446, 1449 (9th Cir. 1997) (citing United States v. Ortiz Lopez, 24 F.3d 53, 55
12 (9th Cir. 1994)), nor the defendant's own admissions, see United States v.
13 Hernandez, 105 F.3d 1330, 1332 (9th Cir. 1997), standing alone, will support the
14 conclusion that a defendant is an alien, here the government will offer
15 Defendant's prior deportation notice and order of removal and its attendant
16 documents, admissions he made in his plea colloquy and sentencing for his prior
17 violation of 8 U.S.C. § 1326, and the testimony of an A File custodian that his
18 review of Defendant's immigration records, which reflect that Defendant is an
19 alien.

20     Based on this evidence, a rational trier of fact could find beyond a
21 reasonable doubt that Defendant is an alien.  Cf. Sotelo, 109 F.3d at 1449
22 (finding sufficient evidence of alienage where the government's evidence
23 consisted of a prior deportation order, the defendant's admissions to an INS agent
24 that he was a Mexican citizen, and his admissions during the deportation hearing
25 that he was not a United States citizen); United States v. Contreras, 63 F.3d 852,
26 858 (9th Cir. 1995) (holding that sufficient evidence supported the conviction
27 when the government introduced a prior deportation order, the deportation
28 hearing transcript, which indicated that the defendant admitted his Mexican

citizenship under oath, and testimony of an INS agent that the defendant was a Mexican citizen).

C. <u>Physical Removal</u>

The Ninth Circuit has held that deportation "refers to the removal from the country of aliens who are physically present in the United States." <u>United States v. Romo Romo</u>, 246 F.3d 1272, 1275 76 (9th Cir. 2001); <u>see also</u> <u>United States v. Luna Madellaga</u>, 315 F.3d 1224, 1227 (9th Cir. 2003) ("Section 1326 speaks only of 'removal.'. . . . It plainly turns on the alien's physical removal not the order of removal."). As a result, the United States need only prove beyond a reasonable doubt that Defendant physically left the country sometime between the time he was ordered deported and the time he was found in the United States. <u>See</u> <u>United States v. Bahena-Cardenas</u>, 411 F.3d 1067, 1074 75 (9th Cir. 2005) (citation omitted). Although we expect to have the removal witness present in this case, a warrant of deportation may be sufficient evidence of physical removal. <u>Id</u>.

D. <u>Express Consent</u>

The Ninth Circuit has listed what is required for permission to reapply:

> The INS has promulgated regulations that govern the process by which the Attorney General will "[c]onsent to [a deported alien] reapply[ing] for admission[.]" 8 C.F.R. 212.2. These regulations include the requirement that a deported alien must have remained outside of the United States for a minimum of five consecutive years. <u>Id</u>. at 212.2(a). Defendant has not met this requirement, nor has he submitted the required Form I 212 to the INS to obtain consent of the Attorney General to reapply for admission. <u>See</u> <u>United States v. Sanchez Milam</u>, 305 F.3d 310, 312 13 (5th Cir. 2002), <u>cert. denied</u>, 537 U.S. 1139, 154 L. Ed. 2d 834, 123 S. Ct. 932 (2003). Accordingly, the Attorney General did not "expressly consent[] to [Defendant's] reapplying for admission" as required by the statute. <u>See</u> 8 U.S.C. 1326(a)(2).

<u>United States v. Pina Jaime</u>, 332 F.3d 609, 611-12 (9th Cir. 2003).

There is no evidence that Defendant obtained consent to reenter the United States, so any cross examination regarding permission is irrelevant and should be

kept out of this trial. In <u>United States v. Rodriguez-Rodriguez</u>, 393 F.3d 849, 856 (9th Cir. 2005), the defendant sought to elicit testimony on cross examination from a witness for the United States regarding the following claims: (1) INS computers are not fully interactive with other federal agencies' computers; (2) over 2 million documents filed by immigrants have been lost or forgotten; (3) other federal agencies have the ability and authority to apply for an immigrant to come into the United States; and (4) the custodian never checked with the other federal agencies to inquire about documents relating to the defendant. Judge Lorenz sustained objections to this line of cross examination finding that it was irrelevant. <u>Id</u>. The Ninth Circuit agreed stating that "[n]one of that information is relevant on the facts of this case, because it is uncontested that [the defendant] never made any application to the INS or any other federal agency." <u>Id</u>. As in <u>Rodriguez</u>, Defendant has presented no evidence that he applied for reentry after he was removed in 2011. As in <u>Rodriguez</u>, any cross-examination regarding the types of checks performed would therefore be irrelevant and should be barred.

E.      <u>Lawfulness of Deportation</u>

Since physical removal is all that is required, the lawfulness of a defendant's prior deportation is not an element of the offense under ' 1326 and should not be presented to the jury. <u>See</u> <u>United States v. Alvarado Delgado</u>, 98 F.3d 492, 493 (9th Cir. 1996) (en banc). The United States need only prove that a deportation proceeding actually occurred and that the defendant was consequently deported. <u>United States v. Medina</u>, 236 F.3d 1028, 1031 (9th Cir. 2001).

# VI

# VOIR DIRE

The United States requests that the following voir dire questions be addressed to the jury panel in addition to the Court's standard questions:

1. Does everyone understand that the defendant is entitled to a fair trial? Does everyone understand that the United States is also entitled to a fair trial?
2. Does anyone have relatives or close friends who have been deported or removed?
3. Has anyone gone through, or helped someone go through, the process of applying for residency or citizenship?
4. Is anyone a member of a group, or have an affiliation with a group, that advocates a position on immigration issues?
5. Would anyone have trouble applying the law as the court instructs you, even if you disagree with it?
6. Of those of you who have sat on criminal and/or civil juries, did any of those juries fail to reach a unanimous verdict?
7. Has anyone had an unpleasant experience at the United States border or with a Customs and Border Protection Officer or Border Patrol Agent?
8. The defendant in this case is charged with being a deported alien who attempted to reenter into the United States. Does anybody have strong feelings or opinions about U.S. immigration laws that would prevent him/her from viewing the evidence impartially?
9. Does anyone believe the Government should prove its case by more than "beyond a reasonable doubt," such as beyond any possible doubt?
10. Has anyone had any training in the law? If so, please explain.

//
//
//
//

# VII
# JURY INSTRUCTIONS

The United States has submitted its proposed instructions, which were taken from the 2010 Manual of Model Jury Instructions for the Ninth Circuit. Proposed jury instructions.

Dated: May 6, 2014

LAURA E. DUFFY
United States Attorney

*s/Alexandra F. Foster*
Alexandra F. Foster
Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 14-CR-00350-AJB |
| Plaintiff, ) | **CERTIFICATE OF SERVICE** |
| v. ) | |
| ADELMO ISIDRO ROSALES-VELASQUEZ ) | |
| Defendant. ) | |

IT IS HEREBY CERTIFIED THAT:

I, Alexandra F. Foster, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service **United States' Amended Trial Memorandum,** on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies:

Defendant Adelmo Isidro Rosales-Velasquez,
via counsel Scott Pactor, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 6, 2014

                                        *Alexandra F. Foster*
                                      ALEXANDRA F. FOSTER